UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAWN BEVERLEY LAWRENCE,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-2332 (JMA)

**FILED**
**CLERK**
5/31/2022 2:23 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Before the Court is the in forma pauperis ("IFP") application filed by counsel on behalf of Dawn Beverley Lawrence ("Plaintiff") (ECF No. 2), together with her Complaint seeking review of the decision of the Commissioner of Social Security pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3). (See ECF No. 1). For the reasons that follow, the IFP application is denied and Plaintiff is directed to remit the $402.00 filing fee within fourteen days in order to proceed with this case.

    To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosp. Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-06344, 2013 WL 1410380, at

*2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application reflects that, although she is unemployed, she receives monthly rental income in the sum of $1,150 and reports having $5,000 in a savings account. (ECF No. 2 ¶¶ 2–4.) Further, Plaintiff reports having a retirement account valued at approximately $24,000. (Id. ¶ 5.) In the space that calls for any items of value owned, Plaintiff reports a co-op apartment valued at $145,000, a 2019 Mercedes lease, and the retirement account. (Id.) Plaintiff reports regular monthly expenses of approximately $4,450 for items including food, housing, transportation, clothing/laundry, utilities, and medical expenses. (Id. at ¶ 6.) Plaintiff reports no dependents and a single debt—a credit card obligation—in the sum of $500. (Id. ¶¶ 7-8.)

Given Plaintiff's reported financial position, she has access to sufficient resources to pay the Court's filing fee and thus does not qualify for IFP status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); see also Ware v. Gerspach, No. 17-CV-246, 2017 WL 1592576, at *1 (E.D.N.Y. Apr. 28, 2017) (denying IFP application where plaintiff had approximately $30,000 in savings in her retirement account); Sommer v. Cnty. of Suffolk, No. 16-CV-3631, 2016 WL 7191680, *1 (E.D.N.Y. Dec. 12, 2016) (denying IFP application where plaintiff reported $18,000 in a retirement account). In addition, "[i]f it appears that an applicant's access to [ ] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application." Brooks v. Aiden 0821 Capital LLC, No. 19-CV-6823, 2020 WL

2

4614323, at *5 (E.D.N.Y. July 22, 2020) (internal quotation marks and citation omitted). Plaintiff's declaration establishes that she can pay the filing fee and still have the necessities of life, see Adkins, 335 U.S. at 339, and therefore Plaintiff's motion to proceed in forma pauperis is denied.

Plaintiff is directed to pay the filing fee within fourteen days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the Complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**.

Dated: May 31, 2022
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE